IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTIRCT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) Civil Action No. _____ |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| VITAS HEALTHCARE CORPORATION OF FLORIDA, | ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110–325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Vitas Healthcare Corporation of Florida ("Vitas") failed to make a reasonable accommodation to Charging Party Eveline Chery ("Ms. Chery") in violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A) in that Vitas unlawfully denied Ms. Chery the reasonable accommodation of reassignment to a vacant position for which she was qualified.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

## PARTIES

3. The Commission is an Agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. Vitas is a hospice care provider with its principal place of business in Miami, Florida. At all relevant times, Vitas has continuously done business in Florida, and has continuously had at least fifteen employees.

5. At all relevant times, Vitas has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference 42 U.S.C. 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

6.     At all relevant times, Vitas has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEEDINGS

7.     More than thirty days prior to the institution of this lawsuit, Ms. Chery filed a charge of discrimination with the Commission alleging violations of ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

### Ms. Chery's Employment with Vitas

8.     Ms. Chery began working for Vitas as a Registered Nurse on August 27, 2007. As part of her employment, Ms. Chery was generally required to visit several nursing homes per day, which generally required extensive driving between nursing home assignments in excess of approximately two (2) hours each work day.

9.     Ms. Chery successfully worked for Vitas from August 27, 2007, until February 12, 2010, when she took a medical leave of absence under the Family and Medical Leave Act ("FMLA").

### Ms. Chery's Disability

10.    Ms. Chery's suffers from a disability—high blood pressure.

11.    Ms. Chery's high blood pressure substantially limits one or more major life activities including general life activities and the operation of her cardiovascular body system.

### Ms. Chery's Request for a Reasonable Accommodation

12.    In May 2010, while on her medical leave of absence, Ms. Chery advised Vitas of her disability, and provided Vitas with a note from her doctor recommending that she transfer to a different position in order to avoid the extensive driving that was required in her current

3

13. At that time, because of her high blood pressure, Ms. Chery requested the reasonable accommodation of reassignment to a vacant position that would require less driving.

14. Vitas, however, informed Ms. Chery that it would not reassign her to a vacant position for which she was qualified. Rather, Vitas advised Ms. Chery that she would have to apply and compete for available positions, like all other applicants.

15. In July, 2010, Ms. Chery applied for a position as an Inpatient Staff Nurse with Respondent. The primary function and job responsibilities of this position were similar to Ms. Chery's former position, but did not require the extensive driving that Ms. Chery could not perform since the work responsibilities would be performed at one facility/work location. As such, Ms. Chery could perform the essential functions of the Inpatient Staff Nurse position.

16. Although Ms. Chery was qualified for the Inpatient Staff Nurse position, Vitas advised her that it would not reassign her to the vacant position.

17. Vitas's policy required Ms. Chery to compete for the vacancy with all other applicants.

18. Ms. Chery was neither interviewed nor selected for the Inpatient Staff Nurse position.

19. As a result, Ms. Chery suffered damages.

## STATEMENT OF CLAIMS

20. Paragraphs 1 through 19 are incorporated herein.

21. Vitas failed to make a reasonable accommodation to Ms. Chery in violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A), as amended by the ADAAA.

4

22. The effect of the practices complained of in paragraphs 8 to 19 above has been to deprive Ms. Chery of equal employment opportunities and otherwise to adversely affect her status as an employee because of her disability.

23. The unlawful employment practices complained of in paragraphs 8 to 19 were intentionally done with malice and/or reckless indifference to the federally protected rights of Ms. Chery.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

24. Grant a permanent injunction enjoining Vitas, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate against qualified individuals on the basis of his or her disability in regard to the terms and conditions of employment;

25. Grant a permanent injunction enjoining Vitas, its officers, successors, assigns and all persons in active concert or participation with it, from refusing to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability;

26. Order Vitas to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

27. Order Vitas to make whole Ms. Chery by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary

28. Order Vitas to make whole Ms. Chery by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 8 to 18 above, in amounts to be determined at trial;

29. Order Vitas to make whole Ms. Chery by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 8 to 18 above, in amounts to be determined at trial;

30. Order Vitas to pay Ms. Chery punitive damages for its malicious and reckless conduct, as described in paragraphs 8 to 19 above, in amounts to be determined at trial;

31. Grant such other further relief as the Court deems necessary and proper in the public interest; and

32. Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: December 14, 2011.

                                                Respectfully submitted,

                                                P. DAVID LOPEZ
                                                General Counsel
                                                JAMES L. LEE
                                                Deputy General Counsel
                                                GWENDOLYN YOUNG REAMS
                                                Associate General Counsel
                                                U.S. Equal Employment
                                                Opportunity Commission
                                                131 M Street, N.E.
                                                Washington, D.C.  20507

ROBERT WEISBERG
Regional Attorney

KIMBERLY McCOY-CRUZ
Supervisory Trial Attorney


s/Kristen Foslid_____
KRISTEN FOSLID
Trial Attorney
Florida Bar No. 0688681
U.S. Equal Employment
Opportunity Commission
Miami District Office
Two South Biscayne Blvd., Suite 2700
Miami, Florida 33131
Tel: 305-808-1803
Fax: 305-808-1835
kristen.foslid@eeoc.gov